# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 14-861V
Filed: June 28, 2016
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
ROSIE M. TAYLOR,                       \*
                                        \*
    Petitioner,                         \*
                                        \*
v.                                      \*   Damages decision based on
                                        \*   proffer; influenza ("flu") vaccine;
                                        \*   shoulder injury related to vaccine
SECRETARY OF HEALTH                     \*   administration ("SIRVA")
AND HUMAN SERVICES,                     \*
                                        \*
    Respondent.                         \*
                                        \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Lisa A. Roquemore, Rancho Santa Margarita, CA, for petitioner.
Camille M. Collett, Washington, DC, for respondent.

**MILLMAN, Special Master**


### DECISION AWARDING DAMAGES[1]

On September 17, 2014, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012), alleging she suffered a shoulder and arm injury as a result of the influenza ("flu") vaccination she received on October 12, 2011. On May 21, 2015, respondent filed her Rule 4(c) Report, conceding that petitioner suffered from a shoulder injury related to vaccine administration ("SIRVA") and recommending compensation.

On June 27, 2016, respondent filed Respondent's Proffer on Award of Compensation. Therefore, the status conference scheduled for June 29, 2016, is **CANCELLED.**

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

      The undersigned finds the terms of respondent's proffer to be reasonable.  Based on the record as a whole, the undersigned finds that petitioner is entitled to the award as stated in the proffer.  Pursuant to the terms stated in the attached proffer, the court awards a lump sum payment of **$151,548.78**, representing compensation for life care expenses expected to be incurred during the first year after judgment ($10,023.27), pain and suffering ($138,126.46), and past unreimbursable expenses (3,399.05). The award shall be in the form of a check for **$151,548.78** made payable to petitioner, Rosie Taylor.  The court also awards an amount sufficient to purchase an annuity contract that will provide payments for the life care items contained in the life care plan as illustrated in Tab A of the attached proffer.

      In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: June 28, 2016                                                                      /s/ Laura D. Millman
                                                                                                Laura D. Millman
                                                                                                    Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

ROSIE TAYLOR,

       Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

       Respondent.

No. 14-861V
Special Master Laura Millman
ECF

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.**  **Items of Compensation**

  A.  Life Care Items

Respondent engaged life care planner Linda Curtis, RN, MS, CCM, CNLCP, and petitioner engaged Liz Holakiewicz, RN, BSN, CCM, CNLCP, to provide an estimation of Rosie Taylor's future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine related" is as described in the respondent's Rule 4(c) Report, filed May 21, 2015. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Rosie Taylor, attached hereto as Tab A.[1] Respondent proffers that Rosie Taylor should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

B.      Lost Earnings

The parties agree that based upon the evidence of record, Rosie Taylor has not suffered a past loss of earnings and will not suffer a loss of earnings in the future. Therefore, respondent proffers that Rosie Taylor should not be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

C.      Pain and Suffering

Respondent proffers that Rosie Taylor should be awarded $138,126.46 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. See 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

D.      Past Unreimbursable Expenses

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $3,399.05. Petitioner agrees.

E.      Medicaid Lien

Petitioner represents that there are no Medicaid liens outstanding against him.

II.     **Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

A. A lump sum payment of $151,548.78, representing compensation for life care expenses expected to be incurred during the first year after judgment ($10,023.27), pain and

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

suffering ($138,126.46), and past unreimbursable expenses ($3,399.05), in the form of a check payable to petitioner, Rosie Taylor.

B. An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Rosie Taylor, only so long as she is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life

---

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

    2.    <u>Life-Contingent Annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Rosie Taylor, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Rosie Taylor's death.

    3.    <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III.**    **<u>Summary of Recommended Payments Following Judgment</u>**

    A.    Lump Sum paid to petitioner, Rosie Taylor:    **$151,548.78**

    B.    An amount sufficient to purchase the annuity contract described above in section II. B.

Respectfully submitted,

BENJAMIN C. MIZER
Acting Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch, Civil Division

---

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

LINDA S. RENZI
Senior Trial Counsel
Torts Branch, Civil Division

<u>s/Camille M. COllett</u>
CAMILLE M. COLLETT
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Telephone: (202) 616-4098

Dated:  June 27, 2016.

**Appendix A:  Items of Compensation for Rosie Taylor**               Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2016 | Compensation Years 2-Life 2017-Life |
|---|---|---|---|---|---|
| Medicare Part B Deductible | 5% | | | | 166.00 |
| Medicare Suppl A | 5% | | M | | 1,383.00 |
| Pain Management | 5% | * | | 180.00 | |
| Orthopedist | 5% | * | | 90.00 | |
| Physical Therapy Evaluation | 4% | * | | 30.00 | |
| Physical Therapy | 4% | * | | 180.00 | |
| TENS Unit | 4% | * | | | |
| Reacher | 4% | | | 27.99 | 7.00 |
| Lift Seat | 4% | | | 227.90 | 45.58 |
| Shoulder Ice Pack | 4% | | | 33.00 | 33.00 |
| Massage Therapy | 4% | | | 884.97 | 884.97 |
| Gym Membership | 4% | | M | 509.00 | 360.00 |
| Personal Care | 4% | | M | 5,356.00 | 5,356.00 |
| Housekeeping/Ancillary Services | 4% | | M | 2,304.00 | 2,304.00 |
| Ibuprofen | 4% | | | 121.75 | 121.75 |
| Mileage:  Pain Mngt | 4% | | | 13.68 | 13.68 |
| Mileage:  Orthopedist | 4% | | | 39.90 | |
| Mileage:  Physical Therpay | 4% | | | 11.40 | 3.80 |
| Mileage:  Massage Therapy | 4% | | | 13.68 | 13.68 |
| Pain and Suffering | | | | 138,126.46 | |
| Past Unreimbursable Expenses | | | | 3,399.05 | |
| Annual Totals | | | | 151,548.78 | 10,692.46 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($10,023.27), pain and suffering ($138,126.46), and past unreimbursable expenses ($3,399.05): $151,548.78.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.