# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 14-861V
Filed: September 2, 2016
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ROSIE M. TAYLOR, | \* |
| | \* |
| Petitioner, | \* |
| | \* |
| v. | \* Attorneys' fees and costs decision; |
| | \* reasonable attorneys' fees and |
| | \* costs |
| SECRETARY OF HEALTH | \* |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Lisa A. Roquemore, Rancho Santa Margarita, CA, for petitioner.
Camille M. Collett, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On September 17, 2014, petitioner filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012). Petitioner alleged she suffered a shoulder and arm injury caused by her receipt of the influenza ("flu") vaccine on October 12, 2011. On June 28, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation.

On August 8, 2016, petitioner filed a motion for attorneys' fees and costs. Petitioner requested attorneys' fees in the amount of $51,035.00, attorneys' costs in the amount of $8,647.96, and unreimbursed litigation costs of $3,317.58, for a total request of $63,000.54.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On August 16, 2016, respondent filed a response to petitioner's motion explaining that she is satisfied this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B). Resp. at 2. However, respondent argues that "a reasonable amount for fees and costs in the present case would fall between $16,000.00 [and] $21,000.00." Id. at 3. Respondent bases this estimate on a "survey of fee awards in similar cases and her experience litigating Vaccine Act claims." Id. She also cites five "similarly-postured" SIRVA cases in which the attorneys' fees and costs award was either stipulated or unopposed. Ragia v. Sec'y of HHS, No. 15-312V, 2015 WL 10550998 (Fed. Cl. Spec. Mstr. Nov. 30, 2015); Scrantom v. Sec'y of HHS, No. 14-1087V, 2015 WL 4610361 (Fed. Cl. Spec. Mstr. July 13, 2015); Erickson v. Sec'y of HHS, No. 14-351V, 2014 WL 6755956 (Fed. Cl. Spec. Mstr. Nov. 5, 2014); Terry v. Sec'y of HHS, No. 14-559V, 2014 WL 4931289 (Fed. Cl. Spec. Mstr. Sept. 10, 2014); Medina v. Sec'y of HHS, No. 13-798V, 2014 WL 3748581 (Fed. Cl. Spec. Mstr. July 9, 2014). The special masters in these cases awarded between $11,237.47 and $14,000.00 in attorneys' fees and costs.

On August 17, 2016, petitioner filed a six-page reply to respondent's response to her application for attorneys' fees and costs. In her reply, petitioner contends that respondent's method of asserting a range of reasonable attorneys' fees and costs is a "legally erroneous argument." Reply at 3. Petitioner requests that the undersigned view respondent's response to her request for attorneys' fees and costs "as a non-opposition" and award the amount requested by petitioner in full. Reply at 3 (citing Dorego v. Sec'y of HHS, No. 14-337 V, 2016 WL 1635826, at *4 (Fed. Cl. Apr. 4, 2016) (in which special Master Moran held respondent "waived any objections to the requested number of hours" by "offering no targeted objection to the activities" of petitioner's counsel in that case)). Petitioner cites two SIRVA cases, J.B. v. Secretary of Health and Human Services and Patel v. Secretary of Health and Human Services, in which petitioners were awarded $93,241.00 and $48,781.42, respectively, in attorneys' fees and costs. See No. 15-67V, 2016 WL 4046871 (Fed. Cl. Spec. Mstr. July 8, 2016); No. 13-851V, 2015 WL 9694641 (Fed. Cl. Spec. Mstr. Dec. 22, 2015). Petitioner also requests an additional $1,227.00 for the time her attorney spent drafting the reply. Id. Therefore, petitioner requests a total of $64,227.54 in attorneys' fees and costs.

Under the Vaccine Act, a special master or a judge on the U.S. Court of Federal Claims shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013). The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs. Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Despite the similarities between the cases cited by respondent and the instant case, the undersigned does not find respondent's argument persuasive. It is not necessarily instructive to compare cases involving similar vaccine injuries in order to determine the appropriate amount of attorneys' fees and costs. Each case in the Vaccine Program is different. Petitioners alleging the

same vaccine injury may have vastly dissimilar medical histories, and, consequently, different numbers of medical records petitioners' attorneys need to locate, file, and review. Moreover, as petitioner points out in her reply, there is no indication that the cases cited by respondent involved life care planners. After respondent rejected the life care need recommendations made by petitioner's surgeon and physical therapist because they did not give a basis for their recommendations, the undersigned ordered petitioner to retain a life care planner. Order dated Oct. 26, 2015. Therefore, it was reasonable for petitioner to hire a life care planner in the case, and she should be reimbursed for these costs. Petitioner also notes that several other "challenges above and beyond the life care plan" existed that made this case more complicated than a typical SIRVA case. Reply at 3. For example, petitioner needed to replace her car due to her alleged vaccine injury, which extended settlement negotiations. Finally, the variance in the attorneys' fees and costs awards in the cases cited by petitioner and the cases cited by respondent demonstrates how easy it is for each party to "cherry pick" the cases that support their proposed attorneys' fees and costs award.

The undersigned will not follow petitioner's suggestion to view respondent's method of presenting a range of fees as a non-opposition to petitioner's request for attorneys' fees and costs. However, based on her experience and review of the billing records submitted by petitioner, the undersigned finds the amount requested by petitioner to be reasonable. The undersigned also finds that the supplemental fees petitioner requests for the 3.1 hours her attorney and the .2 hours a paralegal spent preparing a reply are reasonable, as drafting petitioner's reply necessitated researching and compiling several attorneys' fees and costs cases.

Therefore, the undersigned **GRANTS** petitioner's Motion for Attorneys' Fees and Costs. **Accordingly, the court awards:**

a. **$60,909.96**, representing attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner and Law Office of Lisa A. Roquemore in the amount of **$60,909.96**; and

b. **$3,317.58**, representing petitioner's costs. The award shall be in the form of a check made payable to petitioner for **$3,317.58**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: September 2, 2016                                s/ Laura D. Millman
                                                         Laura D. Millman
                                                         Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.